Dear Mr. Insco:
This opinion is in response to your question asking:
 If a county assessor works as a private appraiser or operates a property appraisal business without connection to tax matters, does he violate the conflict of interest statutes (Chapter 105, RSMo) or any other provision of law?
You provided the following information:
 Our present County Assessor has been asked on numerous occasions by banks, loan companies, and mortgage companies to personally prepare an appraisal for their use. Our assessor has a reputation as being one of the finest appraisers available. These companies need a detailed appraisal of commercial and residential properties both inside and outside the county requiring detailed knowledge of income, market and cost approach appraisals.
 These appraisals are used primarily by institutions for loan approval. They are detailed documents submitted to the institutions' loan committees and boards for purposes of approving loans. They include far more detail than would be contained in a normal appraisal for tax purposes. The question is whether or not providing these services for a fee on his own time outside the office and unconnected to his tax duties violates Missouri law.
A county assessor is a public official subject to the general conflict of interest law, Sections 105.450, et seq., RSMo 1986. These statutes contain no specific prohibition against a county assessor's employment as a private appraiser such as you have described in your letter. However, if such employment is contrary to public policy, it is prohibited.
Generally, it has been stated:
 In accordance with the principle . . . that an agreement which tends to interfere with the free exercise of a public officer's discretion is illegal, a contract entered into by a public officer in his individual capacity, the effect of which is to create a personal interest which may conflict with the officer's public duty, is contrary to public policy. Such may be the case where a public officer enters into a contract to perform services for the public, or where he accepts employment by one upon whose acts he must pass in his official capacity. Such contracts are sometimes prohibited by statute.
63A Am.Jur.2d, Public Officers and Employees, Section 337.
Section 53.030, RSMo 1986 provides:
 53.030. Oath. — Every assessor shall take an oath or affirmation to support the Constitution of the United States and of this state, and to demean himself faithfully in office and to assess all of the real and tangible personal property in the county in which he assesses at what he believes to be the actual cash value. He shall endorse this oath on his certificate of election or appointment before entering upon the duties of his office. (Emphasis added.)
Under Section 53.030, RSMo 1986, the county assessor's job is to "assess." Generally, "assess" has the following meaning or meanings:
 The word "assess" has a well-defined meaning when used in connection with the taxation of property. In its primary meaning, "assess" means to tax; to impose a tax; to levy a tax; to charge with a tax; to declare a tax to be payable; to apportion a tax among several . . .
 In its secondary or derivative meaning, "assess" means to place a value on property for the purpose of forming the basis on which a tax is to be computed; to place a valuation on property for the purpose of apportioning a tax; or to value in order to tax.
84 C.J.S. Taxation, Section 391.
In appraising any specific property in his individual capacity, the county assessor would be placing a specific value on the property. In assessing property in his official capacity, the county assessor would be placing a specific value on the same property. The appraisal performed in his individual capacity may be more complex and vary in other respects from the appraisal performed officially. What remains the same, however, is that the county assessor, in both instances, would be placing a specific value on the same property.
It is not difficult to realize that the valuation of specific property for loan purposes by a bank, savings and loan company, or mortgage company may differ from the official valuation for tax purposes. Such may give rise to a conflict of loyalties, i.e., loyalty to the bank, etc. as opposed to loyalty to the office of county assessor. This is not to say that such division of loyalties would inevitably occur. It is merely to say that it may occur. Under such circumstances, we conclude that it would be a conflict of interest, as a matter of public policy, for a county assessor to appraise property in his individual capacity as a private appraiser within the county for which he serves as county assessor.
CONCLUSION
It is the opinion of this office that it would be a conflict of interest, as a matter of public policy, for a county assessor to appraise property in his individual capacity as a private appraiser within the county for which he serves as county assessor.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General